[Cite as *In re K.D.*, 2012-Ohio-2234.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

:

:     **C.A. CASE NO. 24764**

**IN RE: K.D.-J.**

:     **T.C. CASE NO. JC2007-5731**

:     **(Civil Appeal from Common**
          **Pleas Court, Juvenile**
:     **Division)**

. . . . . . . . .

**O P I N I O N**

**Rendered on the 18ᵗʰ day of May, 2012.**

. . . . . . . . .

**Lenora C. Davis, 4425 North Clayton Road, Brookville, OH 45309**
     **Appellant, Pro Se**

**B. Randall Roach, Atty. Reg. No. 0065537, 26 N. Wright Ave., Fairborn, OH 45324**
     **Attorney for Appellee**

. . . . . . . . .

**GRADY, P.J.:**

{¶ 1} Appellant, Lenora Davis, appeals from a final order of the juvenile court

overruling her objections to a magistrate's decision dismissing her motion to modify parental

rights and responsibilities.

{¶ 2} Lenora Davis and Matthew Jenkins are the parents of a minor child, K.D.-J.,

who was born on November 9, 2001. On June 8, 2007, Matthew filed a complaint for

establishment of paternity and to allocate parental rights and responsibilities. Lenora opposed Matthew's request. The parties subsequently filed a shared parenting agreement with the court. On July 1, 2008, the juvenile court found that shared parenting was in the best interest of K.D.-J. and adopted the shared parenting agreement as an order of the court.

{¶ 3} On January 15, 2010, Lenora filed a petition for sole custody of K.D.-J. Matthew subsequently filed a petition for termination of shared parenting and requested the allocation of parental rights and responsibilities. A guardian ad litem was appointed and submitted a report to the juvenile court, recommending that Matthew be given custody of K.D.-J. On July 27, 2010, the magistrate issued a decision granting legal custody of K.D.-J. to Matthew. Lenora was granted visitation pursuant to the standard order of visitation.

{¶ 4} Lenora filed timely objections to the magistrate's decision. On August 23, 2010, while Lenora's objections were pending, Matthew filed a motion for interim orders regarding custody and parenting time. He requested that the trial court adopt the magistrate's decision as a temporary order of the court. On September 1, 2010, the trial court granted Matthew's motion, stating:

> The Court notes that objections to the Magistrate's Decision and Judge's Order were filed by the mother, pro se, on August 6, 2010, creating an automatic stay of that decision pending a ruling on the objections. After review of the case and for good cause shown, the Court, finding it to be in the child's best interest, hereby removes the stay of the Magistrate's Decision and Judge's Order filed July 27, 2010, and confirms said decision as an interim order pending a decision on the objections.

**{¶ 5}** On January 14, 2011, while Lenora's objections to the magistrate's July 27, 2010 decision remained pending, Lenora filed a "Motion and Petition of Orders of Emergency and Permanent Custody." She requested that the court grant her custody of K.D.-J. and re-allocate parental rights and responsibilities based on Matthew's recent alleged neglect or abuse of K.D.-J. A hearing on Lenora's motion was held before a magistrate. On May 17, 2011, the magistrate issued a decision, dismissing Lenora's motion without prejudice because Lenora's objections to the July 27, 2010 decision allocating parental rights and responsibilities were still pending. Lenora filed objections and supplemental objections to the magistrate's May 17, 2011 decision.

**{¶ 6}** On July 14, 2011, the juvenile court overruled Lenora's objections to the May 17, 2011 decision and adopted the magistrate's decision as an order of the court. The juvenile court stated, in part:

> Any decision made by the Court regarding a motion for custody would be premature before a final ruling on the previous custody motion is entered. A ruling on the pending objection made subsequent to a decision entered on a new custody motion would render the latter void. Therefore, the Magistrate was correct in her Decision to dismiss the motion for custody.
>
> Ms. Davis has also expressed uncertainty over which Court order to proceed upon and asserts the interim order filed September 1, 2010 has expired. Juv. R. 40(D)(4)(e)(ii) requires the Court to extend the effective date of an interim order every twenty-eight (28) days past the date of entry. However, the Entry filed September 1, 2010 removing the stay of the

Magistrate's Decision confirmed said Decision "as an interim order pending a decision on the objections." Therefore, the interim order has been impliedly extended until such time as a decision is rendered on Ms. Davis' pending objections. The Court affirms the Magistrate's Decision and Judge's Order filed July 27, 2010 as an interim order pending a ruling on the objections.

**{¶ 7}** Lenora filed a timely notice of appeal from the July 14, 2011 order, raising the following two assignments of error:

FIRST ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DISMISSING THE MOTION FOR CUSTODY SIMPLY BECAUSE THERE WERE PENDING OBJECTIONS TO A MAGISTRATE'S DECISION ON A PREVIOUS MOTION FOR CUSTODY.

SECOND ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN IMPLIEDLY EXTENDING THE INTERIM ORDER UNTIL THE PENDING OBJECTIONS WERE RULED UPON.

**{¶ 8}** At the time the juvenile court overruled Lenora's objections to the magistrate's May 17, 2011 decision dismissing her January 14, 2011 motion, Lenora's objections to the magistrate's July 27, 2010 decision allocating parental rights and responsibilities, which the juvenile court had adopted as its interim order, were still pending. In its July 14, 2011 order, the juvenile court explained the dilemma that it faced, were it to rule on Lenora's objections to the May 17, 2011 magistrate's decision before the court had ruled on the objections to the July

27, 2010 magistrate's decision.[1]  While we acknowledge this dilemma, Juv.R. 40(D)(4)(b) sets forth a clear method for resolving it.

{¶ 9}  Juv.R. 40(D)(4)(b) provides:

*Action on magistrate's decision.*  Whether or not objections are timely filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification.  A court may hear a previously-referred matter, take additional evidence, or return a matter to a magistrate.

{¶ 10} The "matter" before the court was the allocation of parental rights and responsibilities for K.D.-J.  While Lenora's objections to the July 27, 2010 decision which the court had adopted as its interim order were pending, Lenora came to believe that Matthew had abused or neglected K.D.-J., and that this abuse or neglect justified a change in the allocation of parental rights and responsibilities set forth in the interim order.  Lenora's motion of January 14, 2011 presented those issues and sought relief.  Pursuant to Juv.R. 40(D)(4)(b), the preferred method of dealing with Lenora's January 14, 2011 motion was for the juvenile court to take additional evidence or return the matter to the magistrate.  Either avenue of relief would permit the additional evidence that had arisen since the magistrate's July 27, 2010 decision to be considered as expeditiously as possible, and there would have been no need to dismiss Lenora's January 14, 2011 motion as premature.  Alternatively, the court could have held the January 14, 2011 motion in abeyance for determination, until the

---

[1] **This dilemma apparently resulted from a lengthy delay between the date of the magistrate's decision and the date on which the transcript of the hearing before the magistrate was filed with the court.**

pending matter had been resolved.

{¶ 11} Based on a review of the record before us, we believe the juvenile court abused its discretion by ignoring the procedure set forth in Juv.R. 40(D)(4)(b) and failing to take additional evidence or remand the matter to the magistrate for consideration of the additional evidence Lenora sought to introduce through her January 14, 2011 motion, and instead dismissing the motion, which prejudiced Lenora. The first assignment of error is sustained.

{¶ 12} In her second assignment of error, Lenora argues that the juvenile court erred in finding that it had implicitly extended its September 1, 2010 interim order during the lengthy time that Lenora's objections to the magistrate's July 27, 2010 decision remained pending. We agree.

{¶ 13} Juv.R. 40(D)(4)(e)(ii) provides:

> *Interim order.* The court may enter an interim order on the basis of a magistrate's decision without waiting for or ruling on timely objections by the parties where immediate relief is justified. The timely filing of objections does not stay the execution of an interim order, but an interim order shall not extend more than twenty-eight days from the date of entry, subject to extension by the court in increments of twenty-eight additional days for good cause shown.

{¶ 14} The juvenile court entered its interim order on September 1, 2010. Pursuant to Juv.R. 40(D)(4)(e)(ii), the interim order would expire twenty-eight days later unless the court extended the order. There is no basis in the record to find that the court extended the order. Matthew concedes on appeal that the juvenile court did not extend the order pursuant to

Juv.R. 40(D)(4)(e)(ii). Further, the juvenile court acknowledged that it did not explicitly extend the interim order. Rather, the court stated that it had "impliedly" extended the interim order when it stated in the September 1, 2010 order that the magistrate's decision was confirmed "as an interim order pending a decision on the objections." We do not agree. Juv.R. 40(D)(4)(e)(ii) does not provide for "implied" extensions of interim orders. Rather, an interim order can only be extended in twenty-eight day increments through additional orders of the juvenile court that explicitly make a finding of good cause for the additional extensions.

{¶ 15} The juvenile court's September 1, 2011 interim order expired twenty-eight days later. Therefore, the second assignment of error is sustained.

{¶ 16} Having sustained the two assignments of error, we will reverse the judgment of the juvenile court and remand the cause for further proceedings consistent with this Opinion.

{¶ 17} Matthew states in his appellate brief that the issues before us are now moot because "[s]ubsequent to the July 14, 2011 Decision and Judgment of the Trial Court the Appellant re-filed her custody complaint. The matter was heard on December 5, 2011." (Brief, p. 4.) There is nothing in the record before us demonstrating that has in fact occurred. Further, Matthew concedes in his appellate brief that no judgment has been rendered from this December 5, 2011 hearing. If, in fact, the court has decided Lenora's abuse or neglect complaints raised in her January 14, 2011 motion which is the subject of this appeal, then on remand there should be no need for the juvenile court to again rule on Lenora's motion.

DONOVAN, J., And HALL, J., concur.

**Copies mailed to:**

**Lenora C. Davis**
**B. Randall Roach, Esq.**
**Hon. Nick Kuntz**